

# The Attorney General of Texas

July 2, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman
House Committee on Higher Education
State Capitol
Austin, Texas

Opinion No. MW-30

Re: Whether a college professor may receive a royalty on a book used in the school in which he teaches.

Dear Representative Delco:

Your predecessor requested our opinion as to whether the Education Code prohibits a college instructor or professor from receiving royalties from the sale of books used in the school at which he teaches. Section 4.14 of the Education Code provides:

> Any school trustee or teacher who shall ever receive any commission or rebate on any books used in the schools with which he is concerned as trustee or teacher shall be guilty of a misdemeanor and upon conviction shall be fined not less than $50 and not more than $100.

It is questionable whether an author's "royalty," defined as

> a share of the product or profit reserved by the owner for permitting another the use of his property,

Alamo National Bank of San Antonio v. Hurd, 485 S.W.2d 335, 338 (Tex. Civ. App. — San Antonio 1972, writ ref'd n.r.e.), is included within the statutory prohibition. We need not address that issue here, however, since we have determined that section 4.14 is not applicable to persons who teach at the college level.

Section 4.14 was originally enacted in language virtually identical to that of its present form in 1925, as part of the legislation creating and defining the duties of the State Textbook Commission. Acts 1925, 39th Leg., ch. 176, at 417. The statute required the commission to

> meet ... for the purpose of considering the advisability of continuing or discontinuing, at the

> expiration of all current contracts, any or all of the State adopted textbooks <u>in use in the public schools of Texas</u>, . . .

Section 4 (emphasis added).  It authorized the commission

> to select and adopt a uniform system of textbooks <u>to be used in the public free schools of Texas</u>, . . .

Section 5 (emphasis added).   Other portions of the statute required the commission to "adopt a multiple list of books for use in the high schools of the State," and authorized the adoption of "supplementary readers for the first seven grades," sections 5, 6.  Section 23 made it a criminal offense for any "school trustee" to

> prevent or aid in preventing the use in any public school in this State of the books or any of them as adopted, . . .

or for any "teacher in any public school" to "wilfully fail or refuse to use the said books." Section 24, from which section 4.14 of the Education Code is derived, provided:

> No trustee or teacher shall ever receive any commission or rebate on any books used in the schools with which he is concerned as such trustees or teachers and if any such trustee or teacher shall receive or accept any such commission or rebate he shall be guilty of a misdemeanor and upon conviction he shall be fined not less than fifty dollars and not more than one hundred dollars.

Finally, section 51 stated that the statute was

> intended to furnish a complete plan for the adoption, purchase, distribution and use of free textbooks to be supplied <u>to the public free schools of the State</u>. . . .

(Emphasis added).   Section 23 of the 1925 Act was codified as article 293a of the Penal Code and section 24 was codified as article 293b.  With the enactment of the Education Code in 1969, these provisions were transferred thereto, as sections 4.13 and 4.14, respectively.

In our opinion, the 1925 legislation is clearly inapplicable to colleges or universities or to persons who teach therein.  On the one hand, the statute refers repeatedly to the "public free schools," the "high schools," the "first seven grades," and to "school trustees"; on the other, it makes no reference whatever to any institution of higher education, either singly or collectively.

Neither do we believe that the enactment of the Education Code in 1969 altered the scope of the provision that became section 4.14.  Acts 1969, 61st Leg., ch. 889, at 2735. Although section 1.04(a) of the Education Code states that the code applies

>to all educational institutions supported either wholly or in part by
>state tax funds unless specifically excluded,

institutions of higher education, as we have indicated, were never included within the scope of section 4.14. In addition, the 1969 enactment did not include the Higher Education title, and indeed, section 4 of the statute states that

>except for certain miscellaneous provisions relating to higher
>education in Titles 1 and 2, and the chapter on public junior colleges
>in Title 3, the enactment of the Texas Education Code does not
>affect the statutes of the state relating to higher education.

We conclude that section 4.14 of the Education Code does not prohibit a college instructor or professor from receiving royalties from the sale of books used in the school at which he teaches. Of course, a professor's adoption of any textbook for which he receives a royalty should be made only after consideration of the state ethics law, article 6252-9b, V.T.C.S., and the penal provisions relating to official misconduct, section 39.01, Penal Code.

### S U M M A R Y

>The Education Code does not prevent a college instructor or
>professor from receiving royalties from the sale of books used in
>the school at which he teaches.

Very truly yours,

**MARK WHITE**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin

Richard Rafes
William G Reid
Bruce Youngblood